

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00143-CR

_____

REGAND RENDELL HARRIS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 3rd Judicial District Court
Anderson County, Texas
Trial Court No. 29930

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Regand Rendell Harris appeals his convictions for aggravated robbery and burglary of a habitation. [1] The indictment alleged Harris intentionally or knowingly entered, without permission, the residence of Albert Zahn and committed or attempted to commit theft of U.S. currency. Additionally it was alleged that Harris, while in the course of committing theft with intent to obtain or maintain control of the property, caused bodily injury to Zahn, age seventy-four. A jury found Harris guilty of both offenses, and after finding that he had been convicted of two prior felony offenses, assessed punishment at ninety-nine years' imprisonment on each count. The trial court sentenced Harris accordingly to two concurrent ninety-nine-year sentences. Harris appeals both counts arguing (1) the evidence of guilt is factually insufficient, and (2) there is insufficient corroboration of the accomplice witness testimony. Finding the evidence to be sufficient, we affirm the judgment of the trial court.

I. **Sufficiency of the Evidence**

Harris challenges the factual sufficiency of the evidence. In *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010) (Cochran, J., concurring, Womack, J., joining the concurrence) (4-1-4 decision), a plurality of the Texas Court of Criminal Appeals abolished the factual sufficiency review established by *Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996), and its

---

[1] Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

2

progeny. The plurality and a concurring justice agreed that "the *Jackson v. Virginia* legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt." *Id*. Since the Texas Court of Criminal Appeals has abolished factual sufficiency review and a plurality of the court held there was no meaningful distinction between legal and factual sufficiency,[2] we will construe Harris' factual sufficiency challenge as a legal sufficiency challenge.

## A. Standard of Review

In reviewing the evidence for legal sufficiency, we consider the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979). Legal sufficiency is judged not by the quantity of evidence, but by the quality of the evidence and the level of certainty it engenders in the fact-finder's mind. *Brooks*, 323 S.W.3d at 917–18 (Cochran, J., concurring).

## B. Elements of the Offenses

In order to establish Harris committed aggravated robbery, the State was obligated to prove Harris, in the course of committing theft, "intentionally, knowingly, or recklessly cause[d] bodily injury" to another person who is sixty-five years of age or older. *See* TEX. PENAL CODE ANN.

---

[2]In the *Brooks* plurality opinion, the plurality found "no meaningful distinction between the *Jackson v. Virginia* legal-sufficiency standard and the *Clewis* factual-sufficiency standard, and these two standards have become indistinguishable." *Brooks*, 323 S.W.3d at 902 (4-1-4 decision).

3

§§ 29.02, 29.03(3)(A) (Vernon 2003). The State was obligated, in order to establish Harris committed burglary, to establish Harris, without effective consent of the owner, entered a habitation with intent to commit theft. TEX. PENAL CODE ANN. § 30.02(a)(1) (Vernon 2003). "Theft" is the unlawful appropriation of property with intent to deprive the owner of the property. TEX. PENAL CODE ANN. § 31.03(a) (Vernon Supp. 2010).

### C.    Analysis of the Evidence

The evidence established that Jacklyn Burris, Harris' accomplice, knocked on the door of Zahn's residence. Burris had previously worked for Zahn cleaning his residence. Zahn, age seventy-four, answered the door, admitted Burris into the residence, and Burris asked for money. After Zahn refused, Harris forced his way into the house. Zahn testified Harris pinned his arms to the chair he was sitting in and demanded to know "where is the money at." While Harris held Zahn in the chair, Burris found Zahn's wallet. Harris and Burris then left with Zahn's wallet and its contents. Zahn testified the wallet contained approximately $150.00.[3]

Zahn identified Harris in court as the man who robbed him. Zahn testified he did not invite Harris into his residence. Sergeant Jay Russell, a sergeant with the Anderson County Sheriff's Office, testified Zahn had previously identified Harris in a photographic lineup. Burris also made an in-court identification of Harris as the perpetrator. Zahn testified that Harris caused him pain when Harris grabbed his arms and that bruises resulted. Sergeant Ronnie Joseph Foster,

---

[3]Sergeant Ronnie Joseph Foster testified Zahn informed him the wallet also contained a Kroger card, Brookshire card, Zahn's driver's license, a Lone Star Card, and Zahn's social security card.

4

an investigator with the Anderson County Sheriff's Department, testified the bruises were "fresh" and were bright red and pink." Foster testified the bruises photographed were not "age spots or anything like that." The State introduced photographs of Zahn's injuries into evidence, and Foster agreed with the State that "you could see the fingerprints where the defendant allegedly held the victim down."[4] Zahn testified he was born in 1935.

Harris argues the evidence is insufficient because there were a number of inconsistencies in Zahn's testimony. Harris argues "[t]he instant case before this Court has the distinct flavor of a misdirected elderly man, in that Mr. Zahn did not know the perpetrator of the offenses and had to be led by the police to identify an individual." Zahn's testimony was inconsistent concerning whether he was wearing the pants where the wallet was located or whether the pants had been hung up in the closet.[5] Whether Zahn was wearing the pants is immaterial to Harris' guilt; the important issue is whether Harris took the wallet, not where it was located. Zahn was also

---

[4]The photocopy of the exhibit in the record is not sufficiently clear to determine whether such marks were visible on Zahn's arms.

[5]Zahn testified during direct examination that he was wearing the pants where the wallet was located. On cross-examination, Zahn responded in the affirmative when asked whether the pants "were the pants you had had that day" and when asked, "Were they -- You were wearing them?" On redirect, the following exchange occurred:

Q.      [State]:  Were you wearing [the pants] when they came in?
A.      [Zahn]:  Yes, sir.
Q.      You were?
A.      No.  I wasn't wearing them.
Q.      You weren't wearing them?
A.      They were hanging up.
Q.      They were hanging up?  Where were they hanging up, sir?
A.      In the closet.

5

inconsistent concerning whether Harris knocked him down.[6]  Because the State's theory was based on bodily injury caused when Harris pinned Zahn to the chair, whether Harris knocked Zahn down is immaterial.   The evidence was also inconsistent concerning whether Zahn had identified Harris in a photographic lineup.[7]   A rational juror could have determined Zahn had misunderstood the prosecutor's questions or misspoke since he later acknowledged previously seeing the lineup exhibit and identified his initials on the exhibit.    Even if the jury found Zahn's testimony contradictory, these inconsistencies do not render the evidence legally insufficient.   It is the jury's sole province to resolve these contradictions.   Based on both Zahn's and Russell's testimony, a rational juror could have believed that Zahn had identified Harris in the photographic lineup.

A rational juror could have found all the elements of aggravated robbery and burglary beyond a reasonable doubt.   The evidence is sufficient.   Harris' first issue is overruled.

## II.      The Accomplice Witness Testimony Is Corroborated

Harris next argues the State presented insufficient corroboration of Burris' testimony. Burris, who had been charged as a codefendant, agreed with the prosecutor that she was placed "on deferred probation because of this offense."   Harris notes "the accomplice testimony completely

---

[6]Zahn first testified that he was sitting down in a rocking chair when Harris pinned his arms to the chair.   On direct examination, Zahn testified he was "sitting down" when Harris grabbed his arms.   On cross-examination, Zahn testified Harris knocked him down.

[7]Sergeant Russell testified Zahn had previously identified Harris in a photographic lineup.   On direct examination, Zahn was shown the photographic lineup and asked if he had "seen this before" and answered "no."   On redirect, Zahn verified he had identified a suspect in a photographic lineup and identified his initials on the exhibit.

contradicts the testimony of the victim Mr. Zahn." Although Burris testified Harris had a purple blanket[8] covering part of his face and "put a knife to [Zahn's] throat," Zahn denied "ever see[ing] a knife" and denied that Harris had a towel covering his face. Sergeant Foster testified Zahn never mentioned a knife being exhibited.

The State has no obligation to corroborate every detail of an accomplice witness' testimony. *Cf. Castillo v. State*, 221 S.W.3d 689, 691 (Tex. Crim. App. 2007). "There must simply be *some* non-accomplice evidence which *tends* to connect appellant to the commission of the offense alleged in the indictment." *Id*. The accomplice witness rule "creates a statutorily imposed review," *Brown v. State*, 270 S.W.3d 564, 567 (Tex. Crim. App. 2008), "concerned with the sufficiency of the evidence to support the conviction." *Bible v. State*, 162 S.W.3d 234, 246–47 (Tex. Crim. App. 2005). Under the accomplice witness rule, one cannot be convicted on the testimony of an accomplice unless that testimony is corroborated by other evidence tending to connect the defendant with the offense committed. TEX. CODE CRIM. PROC. ANN. art. 38.14 (Vernon 2005).

To determine the sufficiency of corroboration, we must view the corroborating evidence in the light most favorable to the jury's verdict. *Gill v. State*, 873 S.W.2d 45, 48 (Tex. Crim. App. 1994). The test for weighing the sufficiency of corroborating evidence is to eliminate from consideration the accomplice's testimony, and then examine the remaining testimony and

---

[8]Burris described the blanket as a purple "baby blanket." Burris testified Harris had tied the blanket around his face under his nose.

7

evidence to determine if there is evidence that tends to connect the defendant with the commission of the offense. *Munoz v. State*, 853 S.W.2d 558, 559 (Tex. Crim. App. 1993); *Hall v. State*, 161 S.W.3d 142, 149 (Tex. App.—Texarkana 2005, pet. ref'd). The nonaccomplice evidence does not have to directly link the accused to the crime, does not have to establish guilt beyond a reasonable doubt, and need not prove all the elements of the alleged offense. *Gill*, 873 S.W.2d at 48; *Munoz*, 853 S.W.2d at 559.

Viewed in a light most favorable to the jury's verdict and eliminating the accomplice's testimony, the corroboration of the accomplice testimony was sufficient. Zahn, a seventy-four-year-old man, identified Harris as the person who entered his home without permission, pinned his arms against a chair causing pain, and took Zahn's wallet which contained approximately $150.00. The nonaccomplice evidence tends to connect Harris with the burglary and aggravated assault. Accordingly, we overrule Harris' remaining issue.

For the reasons stated, we affirm.


Jack Carter
Justice


Date Submitted:     January 12, 2011
Date Decided:       January 19, 2011

Do Not Publish

8